**In the Matter of the Alleged Mental Illness of Leslie Robert JOHNSON.**

No. C4–84–740.

Court of Appeals of Minnesota.

June 19, 1984.

John Lund, Minneapolis, for Johnson.

Thomas Johnson, Hennepin County Atty., John Owen, Asst. County Atty., Minneapolis, for Hennepin County.

Considered and decided by POPOVICH, C.J., FORSBERG and LESLIE, JJ., with oral argument waived.

### OPINION

FORSBERG, Judge.

Johnson appeals the Order of the trial court finding him mentally ill and committing him to Abbott-Northwestern Hospital. We affirm.

### FACTS

Appellant is a 77-year-old man with three grown daughters. A petition for judicial commitment, dated March 29, 1984, was brought by daughters Carolyn Dahl and

Gloria Kingston. Trial was held on April 10, 1984 and an Order for commitment was issued. Appeal was taken on April 24, 1984.

The trial court found that Johnson was mentally ill, that he had failed to provide for himself, and that alternatives less restrictive than commitment to Abbott-Northwestern Hospital would not provide adequate controls.

## ISSUE

Whether the trial court properly committed Johnson to Abbott-Northwestern Hospital as mentally ill.

## ANALYSIS

Minn.Stat. § 253B.09, subd. 1 (1982) provides that:

> If the court finds by clear and convincing evidence that the proposed patient is a mentally ill * * * person and * * * it finds that there is no suitable alternative to judicial commitment, the court shall commit the patient to the least restrictive treatment facility which can meet the patient's treatment needs[.]

The definition of "mentally ill person" is found in Minn.Stat. § 253B.02, subd. 13 (Supp.1983).

> "Mentally ill person" means any person who has an organic disorder of the brain or a substantial psychiatric disorder of thought, mood, perception, orientation, or memory which grossly impairs judgment, behavior, capacity to recognize reality, or to reason or understand, which (a) is manifested by instances of grossly disturbed behavior or faulty perceptions; and (b) poses a substantial likelihood of physical harm to himself or others as demonstrated by (i) a recent attempt or threat to physically harm himself or others, or (ii) a failure to provide necessary food, clothing, shelter or medical care for himself, as a result of the impairment.

Appellant asserts there was no showing that he posed a substantial likelihood of physical harm to himself or others and that the court failed to consider all less restrictive alternatives to commitment.

The absence of violence or aggression directed at others does not require a finding that the proposed patient does not pose a substantial likelihood of physical harm. The undisputed testimony of Johnson's daughter and the court-appointed psychiatrist was that Johnson failed to provide for himself. Gloria Kingston, appellant's daughter, testified that appellant stopped eating, lost 20 pounds in less than 1 month, began drinking excessively, became feeble, and deteriorated physically. Curtis Carlson, the court-appointed psychiatrist, testified that Johnson suffered from alcoholism, that his life was in jeopardy at the time he entered the hospital, and that he remained a "very ill man." There is ample evidence to support the court's finding that Johnson failed to provide necessary food for himself as a result of his mental illness.

Appellant further argues that the court failed to consider all less restrictive alternatives to commitment. Doctor Carlson testified that appellant was not competent to agree to voluntary treatment and recommended involuntary hospitalization. The court noted that it had considered placement in a board and care nursing home, but that alternatives less restrictive than involuntary hospitalization had been rejected because they provided inadequate controls.

## DECISION

The trial court found, by clear and convincing evidence, that Johnson is mentally ill and that there is no suitable alternative to commitment. The court properly committed Johnson to Abbott-Northwestern Hospital.

Affirmed.